UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEIDI KAUTZ,

    Plaintiff,

CASE NO.:   8:14-cv-988-T-24-MAP

v.

RESIDENCE INN BY MARRIOTT, LLC,

    Defendant.
_____/

## ORDER

This cause is before the Court on Defendant Residence Inn by Marriott, LLC's ("Residence Inn") Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Strike Attorneys' Fee Request. (Dkt. 17). Plaintiff Heidi Kautz filed a Response in Opposition. (Dkt. 18). For the reasons stated herein, Residence Inn's motion is **GRANTED IN PART and DENIED AS MOOT IN PART**.

    **I.**    **PROCEDURAL BACKGROUND**

This is Plaintiff's third attempt to state claims against Residence Inn.[1] In an Order dated June 16, 2014, this Court dismissed Plaintiff's amended complaint. (Dkt. 13). The amended complaint contained three claims against Residence Inn: Count I for invasion of privacy, Count II for retaliatory termination under the Florida Whistleblower's Act (FWA), and Count III for intentional infliction of emotional distress. (Dkt. 8). The Court dismissed Counts I and III without prejudice and permitted Plaintiff to file a second amended complaint with "sufficient facts to state

---

[1] Plaintiff originally filed this action in state court and it was removed to this Court. (Dkt. 1). Since that time, Plaintiff has filed an amended complaint (Dkt. 8) and a second amended complaint (Dkt. 14), which is the subject of Residence Inn's motion to dismiss.

plausible claims of invasion of privacy and intentional infliction of emotional distress." (Dkt. 13 at 9). The Court dismissed Count II for violation of the FWA *with prejudice*. (Dkt. 13).

Despite the direction from the Court that Plaintiff's amendment be limited to her invasion of privacy and intentional infliction of emotional distress (IIED) claims, the Second Amended Complaint contains five counts against Residence Inn: Count I for invasion of privacy, Counts II and IV based on alleged violations of the Americans with Disabilities Act (ADA), Count III for retaliatory termination under the FWA, and Count V for IIED. (Dkt. 14). Because the Court's order specifically limited Plaintiff's amendment to her claims for invasion of privacy claim and IIED, the Court will not address the three new claims, one of which (retaliatory termination under the FWA) has already been dismissed with prejudice. The Court notes that Plaintiff's instant FWA claim is premised on a violation of the ADA, whereas Plaintiff's previous FWA claim was based on a violation of the Health Insurance Portability and Accountability Act ("HIPAA"). Despite this difference, the Court did not permit Plaintiff – nor did Plaintiff seek – to amend her FWA claim (nor did Plaintiff seek to add new claims alleging violations of the ADA). Thus, the Court limits its consideration to the properly amended claims in the Second Amended Complaint.[2]

## II.     BACKGROUND

Plaintiff worked as a front desk employee for Residence Inn from November 2010 until March 2012. Plaintiff's position required her to spend the majority of her time in a standing position.

In December 2011, Plaintiff had ruptured ovarian cysts that required her to visit the emergency room and receive follow-up treatment. Due to her medical condition, Plaintiff's healthcare provider imposed temporary restrictions on her returning to work, including that

---

[2] Although Residence Inn addresses all five counts of the second amended complaint in the motion to dismiss, Plaintiff's response is limited to Counts I and V.

Plaintiff sit for at least fifteen minutes in every four hour period and that she not lift more than ten pounds. Plaintiff's supervisor initially refused to accommodate these restrictions, but upon Plaintiff's persistent requests, her supervisor demanded corroborating evidence of the medical restrictions in the form of a letter or script from Plaintiff's doctor. Plaintiff provided the requested information in the form of a document, which in addition to discussing the restrictions, also included information about her ruptured ovarian cysts.

Plaintiff subsequently discovered that her supervisor left the document at the hotel's front desk for a period exceeding two days. During this time, Plaintiff's contends that the document was viewable by her co-workers and the public at large. However, Plaintiff does not allege that anyone actually saw the doctor's note. Instead, she alleges that "at least three of Plaintiff's co-workers" and Residence Inn's Human Resources Department contacted Plaintiff to inquire about the substance of her medical condition in the days following Plaintiff's delivery of the note to her supervisor.

Plaintiff states that she did not consent to this disclosure and complained orally and in writing to Residence Inn's Human Resources Department about her supervisor's actions. Shortly thereafter, Residence Inn terminated Plaintiff's employment.

### III. MOTION TO DISMISS

#### A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must make sufficient factual allegations "to a state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). Plausibility requires that the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the Residence Inn is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The complaint need not include detailed factual allegations, but it must set forth more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (internal quotation marks and citation omitted).

The Eleventh Circuit suggests that district courts undertake a two-step approach in evaluating a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citation omitted). Accordingly, all "legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). The Court's review is limited to the four corners of the complaint. *Cline v. Tolliver*, 434 F. App'x 823, 824 (11th Cir. 2011).

**B. Discussion**

Residence Inn moves to dismiss Counts I-V of the second amended complaint and contends that each fails to state a cause of action. The Court has already determined that the new claims that Plaintiff has asserted in Count II – IV should be stricken, because Plaintiff had not sought leave to assert those claims. Accordingly, the Court addresses Counts I and V in turn.

i. <u>Invasion of Privacy (Count I)</u>

In order to state a claim for invasion of privacy, one must establish "(i) the publication, (ii) of private facts, (iii) that are offensive, and (iv) are not of public concern." *Woodard v. Sunbeam Television Corp.*, 616 So. 2d 501, 503 (Fla. 3d DCA 1993) (internal quotation marks omitted). In the motion to dismiss, Residence Inn argues that dismissal is warranted because: (1) Plaintiff has

failed to sufficiently allege publication, because disclosure to a small number of individuals is insufficient to establish publication to the public at large; and (2) the doctor's note at issue did not contain offensive material. (Dkt. 17 at 4-7).

"In Florida, except in cases of physical invasion, the tort of invasion of privacy must be accompanied by publication to the public in general or to a large number of persons." *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1315 (11th Cir. 1989); *see also Lewis v. Snap-on Tools Corp.*, 708 F. Supp. 1260, 1262 (M.D. Fla. 1989) (noting that the "publication . . . must be to so many persons that the matter must be regarded as substantially certain to become one of public knowledge") (internal quotation marks omitted). As noted by Residence Inn, Plaintiff's previous failure to allege that anyone else actually viewed the note is still present in the Second Amended Complaint. The Court agrees with Residence Inn that Plaintiff merely speculates that there was a publication of the note based on the fact that "at least three of Plaintiff's co-workers" and the Human Resources Department contacted her about the substance of the note. Such speculation is not enough to meet the publication prong for invasion of privacy. Accordingly, despite an opportunity to amend, Plaintiff fails to state a plausible claim for invasion of privacy. Because the Court finds that Plaintiff has not alleged publication, it need not address Residence Inn's other argument that the note did not contain offensive material.

ii. <u>Intentional Infliction of Emotion Distress (Count V)</u>

To state an IIED claim, "a complaint must allege four elements: (i) deliberate or reckless infliction of mental suffering; (ii) outrageous conduct; (iii) the conduct caused the emotional distress; and (iv) the distress was severe." *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 594 (Fla. 2d DCA 2007). "While there is no definitive example of the type of conduct that constitutes 'outrageous conduct,' Florida law has evidenced a comparatively high standard." *Siam v. Tampa*

*Bay Downs, Inc.*, 809-cv-163-T-24TBM, 2009 WL 997238, at *4 (M.D. Fla. Apr. 14, 2009). To demonstrate that a defendant's conduct is sufficiently outrageous to support an IIED claim, the Florida courts define "outrageous" to mean "conduct . . . so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 (1965)).

Additionally, "courts have been very resistant to find a cause of action for this tort in the employment setting." *Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d. 1371, 1376 (M.D. Fla. 1999). "Whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is a matter of law for the court, not a question of fact." *Golden v. Complete Holdings, Inc.*, 818 F.Supp. 1495, 1499-1500 (M.D. Fla. 1993) (citation omitted).

The Court previously ruled that Plaintiff's allegations against Residence Inn did not amount to the outrageous conduct needed to support a claim for IIED. (Dkt. 13 at 7-8). In the second amended complaint, Plaintiff added the allegation that the doctor's note included the specific medical condition of ruptured ovarian cysts, which "concerned Plaintiff's reproductive and sexual organs" and which Plaintiff alleges is "highly confidential and extremely personal and private information." (Dkt. 13 ¶ 60). Residence Inn contends that Plaintiff's IIED claim should be dismissed because the alleged conduct still does not rise to the level of outrageousness necessary to state such a claim. The Court agrees.

Although Plaintiff acknowledges that her IIED claim is a question of law for the court, she admits that her claim, as pleaded, could benefit from additional factual support. (Dkt. 18 at 8). This Court has permitted Plaintiff to amend her IIED claim in order to add such factual support.

However, even as amended, the Court finds that the facts alleged cannot be described as "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Accordingly, Plaintiff fails to state a viable claim for IIED.

### IV. MOTION TO STRIKE

Plaintiff again seeks an award of attorneys' fees with respect to her invasion of privacy and IIED claims. (Dkt. 14 at 7, 13). Residence Inn argues that Florida law does not permit the recovery of attorneys' fees for these claims and asks the Court to strike Plaintiff's request for such fees. (Dkt. 17 at 15-16). Because the Court dismisses Plaintiff's invasion of privacy and IIED claims with prejudice, it need not address Residence Inn's motion to strike Plaintiff's request for attorneys' fees for these claims.

### V. CONCLUSION

For the reasons explained above, it is **ORDERED AND ADJUDGED** that:

1. Residence Inn's Motion to Dismiss Plaintiff's Second Amended Complaint and to Strike Attorneys' Fees Request (Dkt. 17) is **GRANTED IN PART and DENIED AS MOOT IN PART**.

2. The motion is **GRANTED** to the extent that Counts I and V of the second amended complaint are **DISMISSED WITH PREJUDICE**.

3. The Court strikes Counts II – IV due to Plaintiff's failure to obtain leave to assert the claims.

4. The motion is **DENIED AS MOOT IN PART** to the extent that Residence Inn seeks to strike Plaintiff's request for attorney's fees.

     5.     The Clerk is directed to enter judgment in favor of Defendant and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of September, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record